UNITED STATES DISTRICT COURT

FOR THE

WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
| | |
|---|---|
| **ELAINE L. CHAO,** Secretary of Labor, : <br> United States Department of Labor, : <br>  : <br> Plaintiff, : <br>  : <br> v.  : <br>  : <br> **PORT CITY GROUP,** a Corporation; : <br> and **BRUCE JOHN ESSEX, JR.,** an : <br> Individual, : <br>  : <br> Defendants. : | CIVIL ACTION <br><br> Case No. 1:04-cv-609 <br><br> Hon. Marianne O. Battani <br> Hon. Ellen S. Carmody |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**STIPULATION OF COMPLIANCE AND
DISMISSAL PURSUANT TO RULE 41(a)(1)(ii)
OF THE FEDERAL RULES OF CIVIL PROCEDURE
AND AMENDED ORDER**

It is hereby stipulated and agreed by and between the parties hereto as follows:

**I**

Plaintiff filed her complaint alleging violations by defendants of sections 7 and 15 of the Fair Labor Standards Act of 1938, as Amended (29 U.S.C. 201 et seq.) hereinafter called the Act.

**II**

Defendants, **PORT CITY GROUP,** a Corporation, and **BRUCE JOHN ESSEX, JR.,** having appeared by counsel and filed an answer denying the allegations of the complaint, assure the court and the plaintiff that they are currently complying with the provisions of the Act, and in good faith stipulate and agree that said defendants will in the future remain in compliance with

1

the applicable provisions of section 7 of the Act.

### III

Defendants agree to take any and all steps necessary to ensure that all employees are paid in compliance with the provisions of section 7 of the Act, and are properly compensated at a rate not less than one and one-half times their regular rate of pay for all hours of work in excess of 40 in a workweek.

### IV

(a) Defendants performed a self audit for the period prior to August 10, 2003 and computed additional overtime premium pay that would be due employees if moneys received as part of defendants' Quarterly Bonus were included in the regular rate of pay. Defendants have updated these computations for the period August 10, 2003 through February 28, 2006, and will by **May 3, 2006,** provide to the plaintiff the results of the update and identify the persons and additional overtime amounts computed due based on inclusion of the Quarterly Bonus in employees' regular rate of pay. Plaintiff will review the updated computations, and any documentation upon which they are based, and advise defendants within fourteen (14) days**,** as to their accuracy.

(b) If upon review plaintiff is satisfied as to the accuracy of the computations for the updated period, plaintiff shall so advise defendants. Defendants shall pay a total of $15,000 as unpaid compensation to those persons identified during the initial self audit as well as the update referenced above, on a pro rata basis, by **May 30, 2006,** excluding those persons who would receive less than $20.

(c) Defendants shall provide plaintiff with a final list of employees who are due unpaid compensation, their last known address, Social Security number, final gross amount of

wages due, amounts deducted from gross wages for employee's share of Social Security and withholding taxes, and the net amount of such payment for each employee being paid additional overtime premium under this Stipulation and Order, by **May 30, 2006.**

   (d)  Defendants shall, by **May 30, 2006,** distribute to their employees named in the Wage-Hour Summary of Unpaid Wages plus those individuals identified in defendants' self audit for the period August 10, 2003, to February 28, 2006, the gross amount of $15,000, which represents the amount of unpaid compensation due under the Act alleged in plaintiff's complaint for the quarterly bonus for the period May 2, 2002, to the date of signing of this Stipulation, less deductions for employees' share of Social Security and withholding taxes required to be paid under the Act to the 190 employees listed in Exhibit A plus those identified by the update.

   (e)  Defendants shall provide to plaintiff by **June 15, 2006,** proof of payment of such portion of the $15,000, which is paid to and received by defendants' current employees who have been located by the defendants.

   (f)  Any unpaid compensation based upon the quarterly bonus which is due to former employees and employees who cannot be located shall be forwarded by **May 30, 2006,** to the United States Department of Labor, Wage and Hour Division, 800 Monroe Avenue, N.W., Suite 315, Grand Rapids, Michigan 49503-1451, in a lump sum, less deductions for employees' share of Social Security and withholding taxes required to be paid under the Act, in a certified check payable to "Wage and Hour Div. – Labor".  The plaintiff shall distribute the proceeds of said check to these persons, and any money not so paid because of inability to do so shall be deposited with the Clerk of the Court, who shall forthwith deposit such money with the Treasurer of the United states pursuant to 28 U.S.C. 2041.

   (g)  Along with the check referred to in paragraph IV(f), defendants shall forward to

the Wage and Hour Division a schedule in duplicate showing the name, last known address, Social Security number, gross amount of wages due, amounts to be deducted from gross wages for employee's share of Social Security and withholding taxes, and the net amount of such payment for each employee who cannot be located by defendants.

V

(a) Defendants have provided to plaintiff proof of payment of the sum of $3,659.91, which represents the amount of unpaid compensation due under the Act alleged in plaintiff's complaint for the attendance bonus for the period May 2, 2002, through August 9, 2003, less deductions for employees' share of Social Security and withholding taxes, for those employees listed in Exhibit A whom defendants were able to locate.

(b) Any amounts based upon the attendance bonus which are due to employees who cannot be located shall be forwarded by the defendants to the United States Department of Labor, Wage and Hour Division, 800 Monroe Avenue, N.W., Suite 315, Grand Rapids, Michigan 49503-1451, in a lump sum, certified check, payable to "Wage and Hour Div. – Labor". The plaintiff shall distribute the proceeds of said check to the persons who cannot be located by defendants, and any money not so paid because of inability to do so shall be deposited with the Clerk of the Court, who shall forthwith deposit such money with the Treasurer of the United States pursuant to 28 U.S.C. 2041.

(c) Along with the check referenced in paragraph V(b), defendants shall provide to the Wage and Hour Division a schedule in duplicate showing the name, last known address, Social Security number, gross amount of wages due, amounts to be deducted from gross wages for employee's share of social security and withholding taxes, and the net amount of such payment for each employee for whom payment is made.

**VI**

Defendants, their officers, agents, servants, and employees, shall not request, solicit, suggest, or coerce, directly or indirectly, any employee to return or to offer to return to them or to someone else for them, any money in the form of cash, check or other form, for wages previously due or to become due in the future to said employee under the provisions of this Agreement or the Act; nor shall defendants accept or receive from any employee, either directly or indirectly, any money in the form of cash, check or other form, for wages heretofore or hereafter paid to said employee under the provisions of this Agreement or the Act.  Further, defendants shall not discharge or in any other manner discriminate against any such employee because such employee has received or retained money due to him from defendants under the provisions of this Agreement or the Act, or has provided information to the plaintiff, testified, or agreed to testify in any proceeding in this matter.

**VII**

The parties agree that this Court shall issue an Order to the Clerk of the Court to release to defendants all monies previously deposited for payment of pre-judgment interest in this matter.

**VIII**

Plaintiff accepts the assurance of defendants that said defendants will comply with the Act in the future as aforesaid.

Each party hereby agrees to bear his/her/its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorney's fees available under the Equal Access To Justice Act, as amended.

**WHEREFORE**, the parties hereby stipulate that this action, including any pending motions, may be, and pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, it

hereby is **DISMISSED** with prejudice, the Court retaining jurisdiction to enforce the terms of this Stipulation and Order.

    Dated:    May 8, 2006   .

| | |
|---|---|
| **PORT CITY GROUP** | **HOWARD M. RADZELY**<br>Solicitor of Labor |
| By   s/Bruce John Essex, Jr. | |
| | **JOAN E. GESTRIN**<br>Regional Solicitor |
| Its   President | |
| | s/Karen L. Mansfield |
| s/Bruce John Essex, Jr.<br>**BRUCE JOHN ESSEX, JR.** | **KAREN L. MANSFIELD**<br>Attorney |
| | Attorneys for **ELAINE L. CHAO,** |
| s/Sarah M. Riley<br>**SARAH M. RILEY**<br>**Warner, Norcross & Judd, Ltd.**<br>  Attorneys for Defendants | Secretary of Labor, United States<br>Department of Labor,<br>                   Plaintiff |
| P.O. ADDRESS:<br>Warner, Norcross & Judd, L.L.P.<br>900 Fifth Third Center<br>111 Lyon Street, N.W.<br>Grand Rapids, Michigan 49503-2487<br>Telephone: 616/752-2541 | P.O. ADDRESS:<br>Office of the Solicitor<br>United States Department of Labor<br>230 S. Dearborn Street – Room 844<br>Chicago, Illinois 60603<br>Telephone: 312/353-1216 |

IT IS SO ORDERED.

Dated: May 18, 2006            s/Marianne O. Battani
                                       UNITED STATES DISTRICT JUDGE